UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBERIST LEE SAUNDERS,

     Plaintiff,

v.                                                                                    Case No. 6:11-cv-1591-31KRS

DONALD ESLINGER, et al.,,

     Defendants.

_____

## ORDER

Plaintiff, Oberist Lee Saunders ("Plaintiff"), has filed an amended *pro se* 42 U.S.C. § 1983 civil rights complaint against fifteen defendants (Doc. 14, filed January 3, 2012).  Plaintiff's amended complaint contains numerous allegations, but basically breaks down into two components: (1) Plaintiff alleges that Defendants Shaw, Lopez, and Dees used unnecessary roughness against him during a prison cell-search and during a retaliatory meeting in the supervisor's office.  Plaintiff claims that he informed the other defendants of these actions, and that they either refused to investigate the incidents, or actively worked to cover them up; and (2) during the discovery process in a lawsuit filed on the same facts as alleged in the instant suit, Defendants' defense attorneys, Andrew Debevoise and Erin Tueche failed to disclose relevant evidence that would have been damaging to the defense (Doc. 14 at 21).

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  The Prison Litigation Reform Act of 1995 (the "Act") requires judicial review of certain civil suits brought by prisoners, stating in relevant part:

      (b)      Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

           (1)      is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

           (2)      seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. Section 1915A(b) (1996); Prisoner Litigation Reform Act of 1995, Section 805(a).[1]

Pursuant to the Act, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief. *Cuoco v. Spears*, 1996 WL 284948 (S.D.N.Y. 1996).

In addition, 28 U.S.C. § 1915(e)[2] directs the court to dismiss actions which are frivolous or malicious. 28 U.S.C. Section 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512 (11th Cir. 1991), *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).[3]

---

[1]The Act implemented these changes in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 1996 WL 384762 (10th Cir. 1996); H.R. Rep. No. 104-378, 104th Cong., 1st Sess. 166.

[2]The Act amended 28 U.S.C. Section 1915, *inter alia*, re-designating Section 1915(d) as Section 1915(e). Prisoner Litigation Reform Act of 1995, Section 804.

[3] Even though Plaintiff filed this action as a pro se litigant, he is still required to plead a complaint that complies with the Federal Rules of Civil Procedure. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (holding that "even in the case of pro se litigants a court [does not have] license to serve as de facto counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action ...." (citations omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)(finding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of

       *a.*       *Plaintiff's Claims Against Defendants Andrew Debevoise and Erin Tueche are Frivolous*

Plaintiff filed a civil suit in this Court on March 25, 2009 ("first case") in which he alleged that defendants Shaw, Lopez, and Dees used unnecessary roughness against him while he was being held at the Brevard County Jail (Case No. 6:09-cv-00538-28GJK, Doc. 1, 24). These are the same allegations that comprise the substance of the instant complaint. Andrew Debevoise and Erin Touche acted as counsel ("counsel") for the defendants in the first case. Discovery was completed in the case and counsel filed a motion for summary judgment on their clients' behalf (Case No. 6:09-cv-00538-28GJK, Doc. 106). Thereafter, Plaintiff moved for joinder of parties and claims, seeking to add six additional defendants and alleging the new defendants' deliberate indifference to the original defendants' actions, inadequate investigation of Plaintiff's claims, and a vast conspiracy by all defendants to cover up their unlawful actions (Case No. 6:09-cv-00538-28GJK, Doc. 131, 132). The motions were denied on the grounds that the joinder of additional parties would have caused undue prejudice, expense and delay and because Plaintiff, although aware of the new defendants prior to close of discovery, had waited until five months after the close of discovery and three months after the defendants had filed a motion to summary judgment to seek to amend his claims (Case No. 6:09-cv-00538-28GJK, Doc. 143). Petitioner then sought leave to file a separate action against the additional defendants (Case No. 6:09-cv-00538-28GJK, Doc. 148). This Court informed Plaintiff that, if he wished to pursue the claims against the new defendants, he could voluntarily dismiss his case and initiate a new civil action against all defendants ((Case No. 6:09-cv-00538-

---

Civil Procedure).

28GJK, Doc. 153).  Plaintiff moved to voluntarily dismiss his claims and this Court dismissed his

case without prejudice (Case No. 6:09-cv-00538-28GJK, Doc. 156, 157).

During the course of discovery in his first case, Plaintiff filed numerous motions to compel,

each of which was denied by this Court in a detailed order (Case No. 6:09-cv-00538-28GJK, Doc.

69, 70, 78, 82, 83, 84, 145, 74, 73, 86, 87).  Counsel filed responses to Plaintiff's motions to compel

((Case No. 6:09-cv-00538-28GJK, Doc.69, 78).  Plaintiff objected to counsel's responses in a motion

for sanctions to this Court which was denied.  In the motion, Petitioner alleged that counsel's

objections to his motions to compel were frivolous and that counsel was unfairly attempting to

withhold evidence (Case No. 6:09-cv-00538-28GJK, Doc. 145).  These same allegations appear to

make up the substance of the instant conspiracy claims against counsel.

Andrew Debevoise and Erin Tueche are private citizens.  Acting in conspiracy may extend

liability to non-state actors under § 1983 for the actions of others acting under the color of state law,

However,  the plaintiff attempting to prove such a conspiracy must show that the parties "reached

an understanding" to deny the plaintiff his or her rights. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563

(11th Cir.1990) (citation omitted).  In conspiracy actions, more than mere conclusory notice

pleading is required. It is insufficient to simply allege that a conspiracy existed. *Fullman v.*

*Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). The allegations of Plaintiff's complaint regarding a

conspiracy are wholly conclusory and speculative, and insufficient as a matter of law.  Although

Plaintiff alleges that counsel acted in conspiracy, he has failed to allege any substantive facts

supporting his conspiracy claim against counsel.   Rather, Plaintiff seeks to convert his

disappointment with the process of his first case into a federal civil rights claim against counsel in

that case.   Other than disagreement with this Court's orders in the prior case, Plaintiff provides no

description of the nature of, nor the motivation for, counsel's entry into a conspiracy or adequate reason to suppose a corrupt conspiracy existed.

Because Plaintiff has failed to allege a conspiracy sufficient enough to extend liability to the non-state actors, and because no relief could be granted against these defendants under any set of facts that could be proved consistent with the allegations made by Plaintiff in his amended complaint, Plaintiff's claims against Andrew Debevoise and Erin Tueche must be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

### b.      Petitioner's Conspiracy Claims are Insufficiently Pled

To establish a prima facie case of §1983 conspiracy, "a plaintiff must show, among other things, that the defendants reached an understanding to violate his rights." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (internal quotation marks omitted); *Wilbourne v. Forsyth Cnty. Sch. Dist.*, 306 Fed.  Appx. 473, 478 (11th Cir.  2009) ("To prove a § 1983 conspiracy, 'a plaintiff must show that the parties reached an understanding to deny the plaintiff ... her rights .... The linchpin for conspiracy is agreement.' ") (quoting *Bailey v. Bd. of Cnty. Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992)). Here, Plaintiff uses numerous legal terms to describe the numerous defendants' culpable states of mind, but alleges no specific <u>facts</u> regarding any agreement or understanding among Defendants to violate his rights.  Plaintiff's, conclusory assertions of conspiracy, without supporting facts, fail to provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also Gillins v. Watson*, 2009 WL 2868633, at *3 (M.D.Fla. Aug. 31, 2009) ("[T]he naked assertion of a conspiracy without supporting, operative facts establishing an agreement

between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability.") (internal quotation marks omitted).

Accordingly, Plaintiff will be given one opportunity to amend the First Amended Complaint, if in good faith he can, in order to allege the necessary facts supporting the existence of an agreement among Defendants to violate Plaintiff's constitutional rights.  Plaintiff should not merely restate the claims of his amended complaint, and should eliminate all claims against defendants that cannot be satisfactorily pled.  Plaintiff will not be afforded additional opportunities to amend his conspiracy claims.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **SecondAmended Complaint**.  The second amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint.   Plaintiff is warned that the filing of an amended complaint replaces all previous complaints, and claims that are not re-alleged are deemed abandoned. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to timely file an amended complaint, or if the complaint fails to comply with the Federal Rules of Civil Procedure or with this Order, the Court will dismiss the complaint pursuant to Rule 41(b).  After completing the new civil rights complaint form, Plaintiff should mail it to the Court with a <u>copy</u> <u>for</u> <u>each</u> <u>defendant</u>.

**IT IS ORDERED** that:

1.   Plaintiff's claims against defendants Andrew Debevoise and Erin Tueche are  dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

    **2.**  Plaintiff shall amend his complaint as described above **within TWENTY (20) DAYS** from the date of this Order.  **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.**

    **DONE AND ORDERED** at Orlando, Florida, this 25th day of January, 2012.

_____<br>
GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies to:<br>
OrlP-4 1/25<br>
Oberist Lee Saunders