UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBERIST LEE SAUNDERS,

     Plaintiff,

v.                                    Case No. 6:11-cv-1591-31KRS

DONALD ESLINGER, et al.,

     Defendants.

_____/

## ORDER

This cause is before the Court on the following motion:

Defendants Melvin Dees, Luis Ayala Lopez, and Ronald Shaw's Motion for Costs and Motion to Stay the Case Pending Payment Pursuant to Federal Rule of Civil Procedure 41(d) (Doc. 66, filed November 1, 2012).

Defendants Melvin Dees, Luis Ayala Lopez, and Ronald Shaw (collectively, "Defendants") seek costs and attorneys' fees of $5356.53 pursuant to Federal Rule of Civil Procedure 41(d) as a result of Plaintiff's voluntary dismissal of Middle District of Florida Case No. 6:09-cv-538-28GJK ("*Saunders I*") and the subsequent refiling of the instant action ("*Saunders II*"). Specifically, Defendants argue that, although Plaintiff added claims and other defendants to the instant action, "*Saunders I* and *Saunders II* contain the same claims against the same defendants based on the same alleged incidents." (Doc 66 at 5). Defendants request that the instant action by stayed until the costs and fees are paid.

Based on the following, Defendants' motion is **DENIED** without prejudice to refiling another Rule 41(d) motion should Plaintiff's actions so warrant.

## I.    Background

On March 25, 2009, Plaintiff filed a complaint against Defendants alleging that Defendants used excessive force against him during two separate incidents while he was a prisoner at the Seminole County Jail (*Saunders I*, Doc. 1).  After discovery was complete, and after Defendants filed a motion for summary judgment, Defendant sought to add additional defendants and claims through joinder (*Saunders I*, Doc. 131, 132). Defendants objected, and Plaintiff's motions were denied because joinder of additional parties at the late stage of litigation would have caused undue prejudice, expense, and delay (*Saunders I*, Doc. 143).

Plaintiff then sought voluntary dismissal of *Saunders I* under Federal Rule of Civil Procedure 41(a)(2) ( *Saunders I*, Doc. 156).  In his motion to voluntarily dismiss, Plaintiff indicated his intent to re-file the instant action. *Id.*  Defendants did not oppose Plaintiff's motion to voluntarily dismiss and did not seek to condition the refiling of a new complaint on Plaintiff's payment of the costs and attorneys' fees associated with *Saunders I*.

Defendants now claim that they incurred significant costs and attorneys' fees in *Saunders I* performing work that cannot be recycled and used in this case including $66.53 in postage and the work put into defending Plaintiff's motion for joinder of parties (Doc. 66 at 6).

## II.    Discussion

Rule 41(d) of the Federal Rules of Civil Procedure states:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant,

the court may make such order for the payment of costs of the action
previously dismissed as it may deem proper and may stay the proceedings
in the action until the plaintiff has complied with the order.

Fed. R.Civ. P. 41(d).  Here, Plaintiff dismissed *Saunders I* , then commenced *Saunders II*,

including the same claims against the same defendants.  Thus, this Court may order the

payment of costs of the action as it deems proper.  However, it declines to do so at this

time.

Although the Court is not unaware of the difficulties involved in defending against

a *pro se* plaintiff, it notes that Defendants knew, or should have known, of Plaintiff's intent

to include the same claims against them in a new case.  Plaintiff's motion was titled "Motion

to Voluntarily Dismiss the Complaint and Re-file a New Complaint." (*Saunders I*, Doc. 155).

However, Defendants neither objected to Plaintiff's motion for voluntary dismissal nor

sought to condition the refiling upon the payment of costs. A response is required by the

Local Rules if a motion is opposed. *See* M.D. Fla. Local Rule 3.01(b) ("Each party opposing

a motion or application shall file within fourteen (14) days after service of the motion or

application a response that includes a memorandum of legal authority in opposition to the

request[.]").  As a result, Defendants cannot now be heard to complain of the re-filing. *See*

*Brown v. Cabell Fin. Corp.*, No. 5:05 CV 962, 2010 WL 1486486, at *2 (N.D. Ohio 2010)

(declining to enter award of costs and stay under Rule 41(d) when the defendants

stipulated to the plaintiff's dismissal without prejudice).

Moreover, even if the Court were to determine that Defendants are entitled to the

$66.53 postage costs in incurred in *Saunders I*, courts are divided over whether the costs

available under Rule 41(d) include attorneys' fees.  In fact, there is no Eleventh Circuit authority on the issue.  Some courts reason that "costs" under Rule 41(d) should include attorneys' fees because to hold otherwise would encourage plaintiffs to waste the resources of the opposing party and the judiciary by changing forums mid-litigation. *See e.g. Adams v. New York State Educ. Dep't*, 630 F. Supp.2d 333, 343-44 (S.D.N.Y. 2009); *Cadle Co. v. Beury*, 242 F.R.D. 695, 698-99 (S.D.Ga. 2007); *see also Behrle v. Olshansky*, 139 F.R.D. 370, 375 (W.D. Ark. 1991).  Other courts hold that Rule 41(d) does not allow for an award of attorneys' fees as part of costs because the rule refers only to costs. *See e.g Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000).

Those courts which find that attorneys' fees may be awarded under Rule 41(d) generally consider the plaintiff's motive in dismissing the first action and whether the plaintiff exhibited some "measure of vexatious conduct" in refiling the case. *See Oteng v. Golden Star Res., Ltd.*, 615 F.Supp.2d 1228, 1240 (D. Colo. 2009) (internal citations omitted). For example, a plaintiff's decision to refile an action in another court rather than respond to a motion to dismiss for lack of personal jurisdiction may be evidence of vexatious conduct. *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C. D. Cal 1996).  On the other hand, attorneys' fees may be denied if there was a good reason for the dismissal of the prior action or a plaintiff is unable to pay the costs and fees. *Adams*, 630 F.Supp.2d at 344. Accordingly, Plaintiff's indigent status weighs against the award of attorneys' fees at this time.

Finally, because Plaintiff would be unable to pay an award of attorneys' fees, staying the instant action until he does so would be the equivalent of a dismissal with prejudice. The Eleventh Circuit has stated that a "[d]ismissal with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 35 (11th Cir. 1985). *See also Parrish v. Ford Motor Co.*, 299 Fed. Appx. 856, 862-63 (11th Cir. 2005) (costs and fees involved in Rule 41(d) award should be resolved in a manner that did not prejudice the Plaintiff) (unpublished). This is not to indicate that the Court does not find a "measure of vexatious conduct" in Plaintiff's actions in *Saunders I* and *Saunders II*. Rather, the Court finds that Plaintiff's actions were not so egregious as to "bar the courthouse doors" which would be the effect of awarding attorneys' fees and staying the case in light of Plaintiff's inability to pay. *See Parish*, 299 Fed. Appx. at 862.

Defendants. however, should not be forced to incur duplicative legal expenses caused by Plaintiff's prolonged litigation. Accordingly, should Plaintiff seek to re-litigate issues already decided in *Saunders I*, Defendants will be allowed to file another Rule 41(d) motion, and the Court will resolve the costs and fees issue in a manner that does not prejudice Plaintiff or Defendants. *See Ali v. City of Clearwater*, 9 Fla. L. Weekly Fed. D. 473, 1995 WL 708654, at *3 (M.D. Fla.1995) ("The Eleventh Circuit Court of Appeals remanded this case with a directive to consider the alternative sanction of reducing costs to judgment at the close of trial.").

III.   Conclusion

Due to Defendants' failure to object to Plaintiff's motion for voluntary dismissal, Plaintiff's *in forma pauperis* status, and the Eleventh Circuit Court of Appeal's silence as to whether attorney's fees may be awarded under Rule 41(d), the Court will not award costs, or attorneys' fees, or stay this case pursuant to Rule 41(d).  Accordingly, Defendants' motion for Costs and Fees and to Stay the Case Pending Payment  (Doc. 66) is **DENIED**.

However, all discovery conducted in *Saunders I* may be used in *Saunders II*. Plaintiff should not seek additional discovery from these defendants unless such discovery is aimed to support the additional causes of actions filed against these defendants.   Moreover, should Plaintiff file discovery objections or motions to compel that have been considered and ruled upon in *Saunders I*, or if Plaintiff seeks to raise issues that have been conclusively decided in *Saunders I*, Defendant will be allowed to re-file a new motion under Fed. R. Civ. P. 41(d) for the costs incurred litigating those motions in *Saunders I*.

**DONE AND ORDERED** at Orlando, Florida, this _13_ day of December, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 12/12
Oberist Lee Saunders

6