UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OBERIST LEE SAUNDERS,

    Plaintiff,

v.                                  Case No:  6:11-cv-1591-Orl-28KRS

DONALD ESLINGER, RONALD
SHAW, LUIS AYALA LOPEZ, MELVIN
DEES, STACY HEATH, ROBERTO
RIVERIA, JONATHAN JUSINO and
SEMINOLE COUNTY,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Defendant Seminole County's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 63). Plaintiff filed a Response in Opposition to the Motion (Doc. 69). After reviewing the motion and memoranda provided by each party, the Court grants the motion to dismiss as to Seminole County, and Plaintiff is ordered to file a fourth amended complaint should he wish to proceed against Seminole County or defendant Sheriff Donald Eslinger.

    *I.*    *Background*

In Plaintiff's Third Amended Complaint, he alleges that several officers used excessive force against him on two different occasions while he was incarcerated at the John E. Polk Correctional Facility which is operated and managed by the Seminole County Sheriff's Office (Doc. 28). Specifically, Plaintiff alleges that Defendants Lopez and Dees unjustifiably slammed him with their feet and were otherwise rough with Plaintiff, in retaliation for Plaintiff's

expression of disagreement with a cell search that had been conducted earlier in the day. Plaintiff alleges that other defendants had a duty to intervene, but failed to do so. Plaintiff alleges that at a later time, Defendant Shaw assaulted him while he was restrained in handcuffs, and other defendants either participated or aided the battery (Doc. 28 at 14-15). Defendants are alleged to have engaged in a civil conspiracy with each other by either supporting the actions of the offending officers or by failing to intervene. *Id.*

The claims against Defendant Sheriff Eslinger are brought against him in both his individual and official capacities as the entity "responsible [and] liable under State law for the general operation, management [and] administration of the John E. Polk Correctional Facility [and] Sheriff's Office, its agents [and] employees[.]" (Doc. 28 at 3). The claims against Defendant Seminole County are brought against it as the entity "responsible [and] liable for the Sheriff's Office [and] John E. Polk Facility[.]" *Id.*

## II.   Legal Standards

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

As to federal civil rights claims, Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To establish a claim under 42 U.S.C. § 1983, the plaintiff must prove that (1) defendants deprived them of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. *United States Steel, LLC v. Tieco, Inc*, 261 F.3d 1275, 1288 (11th Cir. 2001); *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). In addition, plaintiffs must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

### III. Analysis

In Count (VI)(c)(1), Plaintiff alleges that the "unlawful [and] unconstitutional policies, practices, [and] customs" of Seminole County and Sheriff Eslinger deprived him of equal protection of the laws and violated the Eighth and Fourteenth Amendments (Doc. 28 at 6). In Counts (VII)(d) and (e), Plaintiff accuses Seminole County and Sheriff Eslinger of negligent and reckless selection, training, supervision, and retention and negligent and reckless "mode of operation." (Doc. 28 at 9-10). Plaintiff also argues that the failure of Seminole County and Sheriff Eslinger to "adequately select, hire, train, instruct, supervise [and] discipline incompetent [and] malfeasant agents [and] employees . . . was the moving force or proximate cause of the unlawful [and] unconstitutional policies." (Doc. 28 at 10).

Seminole County urges dismissal of all counts against it because "none of the actions or failure to act alleged in Plaintiff's pleading are actions for which the COUNTY had any duty, responsibility or control. Rather, the John E. Polk Correctional Facility is operated by Defendant, SHERIFF DONALD ESLINGER, a separate Constitutional officer." (Doc. 63 at 3). Seminole County points to a portion of the Seminole County Home Rule Charter which provides that the Sheriff is an "elected constitutional officer" whose duties are altered only as provided in the Charter (Doc. 63 at 3). Seminole County does not explain how this provision relieves it from responsibility for an unlawful or unconstitutional County policy. Given that the policy or custom of a municipality is not subject to a heightened pleading standard, and given that Plaintiff has stated that the unconstitutional policies of Seminole County were an underlying cause of his injuries, Seminole County has not provided a sufficient basis for dismissal of these particular claims at this stage. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (federal court may not apply more stringent than usual pleading requirements in civil cases alleging municipal liability under § 1983).

However, due to lack of clarity and the possibility of redundancy, all of Plaintiff's claims against Seminole County and Sheriff Eslinger must be re-pleaded.[1] Plaintiff does not indicate which claims are brought against Sheriff Eslinger in his official capacity. Official capacity suits generally "represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects

---

[1] Rule 8(d) of the Federal Rules of Civil Procedure requires that each allegation in a complaint "be simple, concise, and direct." Rule 8(a)(2) requires a "short and plain statement of the claim" showing that the pleader is entitled to relief. In Plaintiff's third amended complaint, the ambiguity as to whom, and in which capacity, Counts (VI)(c)(1), VII(d), and VII(e) are directed, violates these rules.

4

other than name, to be treated as a suit against the entity." *Id.* at 166. Plaintiff's in-tandem allegations accuse Seminole County and Sheriff Eslinger of carrying out unlawful and unconstitutional policies. Plaintiff does not explain whether he is alleging that Sheriff Eslinger is the final policymaker for the County or whether there is some policymaker other than the Sheriff acting on the County's behalf with regard to policies at the James E. Polk Correctional Facility. If Plaintiff is alleging that the Sheriff is the policymaker, and the County is the entity of which the Sheriff is an agent, then assertion of the claims against both Sheriff Eslinger in his official capacity and Seminole County is duplicative. If Plaintiff is alleging a policy by Seminole County apart from whatever policy is set by the Sheriff, then Plaintiff should separate the claims and so state. Sheriff Eslinger and Seminole County are represented by separate counsel in this suit; if Plaintiff's claims are duplicative, resources are being wasted in the defense of this case.[2]

---

[2] The Court makes no finding or ruling regarding the entity Sheriff Eslinger represents. The Eleventh Circuit has noted that its "decisions have not been entirely consistent on whether the relevant entity in an official-capacity suit against a sheriff in Florida is the County or the Sheriff's Department (as a unit operating autonomously from the County)." *Brown v. Neumann,* 188 F.3d 1289, 1290 n. 2 (11th Cir. 1999). More recent cases within this circuit suggest that the County is the relevant entity. *See Adcock v. Baca,* 157 Fed. Appx. 118, 119 (11th Cir. 2005) ("When, as here, the defendant in a § 1983 civil rights action is the county sheriff, the suit is effectively an action against the governmental entity he represents-in this case, Polk County."); *Taylor v. Dean,* No. 5:05-cv-397-Oc-10GRJ, 2006 WL 4756452, at *3 (M.D. Fla. 2006) (Hodges, J.) ("While the Marion County Sheriff's Office is not an entity that can be sued under Florida law, court[s] have treated a suit against the sheriff, in his official capacity, as a suit against the county itself. Count X already states a § 1983 claim against Dean, in his official capacity as the Marion County Sheriff, and the Court interprets that claim as actually being a claim against Marion County.") (footnote omitted); *but see Gray v. Kohl,* No. 07-10024-CIV, 2007 WL 3520119, at *7 (S.D. Fla. 2007) ("Because both Roth, the Monroe County Sheriff, and Perez, a Sheriff's Officer, are both sued in their official capacity as agents of the Monroe County Sheriff's Office, suit against either is the equivalent of a suit directly against the Monroe County Sheriff's Office."). Again, the immediate problem in the instant case is the potentially duplicative nature of the claim against both Sheriff Eslinger in his official capacity and Seminole County, with different counsel representing each.

Moreover, a government entity or a government official sued in his official capacity may not be held liable under a theory of *respondeat superior*, but instead may only be held liable when an official policy causes a constitutional violation. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff's insistence upon alleging respondeat superior liability against Seminole County and against Sheriff Eslinger in his official capacity, despite this Court's express determination that such claims are not cognizable in suit under § 1983 (Doc. 31), is not well taken. All claims based upon respondeat superior liability against Seminole County and against Sheriff Eslinger in his official capacity are hereby dismissed with prejudice and Plaintiff should remove these claims from his fourth amended complaint.

Finally, in order to prevail against a sheriff in his individual capacity, a § 1983 plaintiff is required to show the sheriff was "personally involved in acts or omissions that resulted in the constitutional deprivation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). Plaintiff's third amended complaint does not identify Sheriff Eslinger as being personally involved in the alleged beatings. To the extent that Plaintiff argues that Sheriff Eslinger was responsible for the officers under his command, this is a quintessential allegation of vicarious liability, and Plaintiff needs to restate his individual-capacity claims against Sheriff Eslinger to allege a causal connection between the actions (rather than the policies) of Sheriff Eslinger and the alleged constitutional violations. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999) (supervisory officials cannot be held liable under section 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability). If Plaintiff does not wish to proceed against Sheriff Eslinger in his individual capacity, Plaintiff should so state.

*IV.  Conclusion*

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Seminole County's Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. 63) is **GRANTED**.

2. All claims for respondeat superior liability against Seminole County and against Sheriff Eslinger in his official capacity are dismissed with prejudice. All other claims against Seminole County and Sheriff Eslinger are dismissed without prejudice.

3. Plaintiff may file a fourth amended complaint reiterating his claims against Seminole County and Sheriff Eslinger within **TWENTY-ONE (21) DAYS** of the date on this Order. Failure to file a fourth amended complaint within twenty-one days will result in dismissal of all claims against these defendants with prejudice.

4. If Plaintiff does not file a fourth amended complaint, this case will proceed against the remaining defendants on the claims in Plaintiff's Third Amended Complaint.

**DONE** and **ORDERED** in Orlando, Florida on December 17, 2012.

> JOHN ANTOON II
> UNITED STATES DISTRICT JUDGE

sa: OrlP-4Dec-12
Copies to: all parties of record